CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
May 03, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **BRIAN KEITH UZZLE,** | )<br>) |
| Plaintiff, | ) Case No. 7:23CV00640<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **RANDY BOYD, ET AL.,** | ) JUDGE JAMES P. JONES<br>) |
| Defendants. | )<br>)<br>) |

*Brian Keith Uzzle, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging various violations of his constitutional rights by the defendants, officials of the Virginia Department of Corrections, the majority of whom are employed at Wallens Ridge State Prison (WRSP). Uzzle also filed a separate motion seeking interlocutory injunctive relief to be transferred to Keen Mountain Correctional Center (KMCC) and then to Buckingham Correctional Center (BKCC). I will deny his motion.

Uzzle alleges in his motion that he should be transferred away from WRSP for his safety. His safety concerns are based on allegations that when he complained that the defendants at WRSP had denied him recreation time, they retaliated by removing him from the Star Program for several weeks. Officials eventually placed

Uzzle back into the Star Program, but allegedly continued to deny him recreation periods.  Uzzle continued to complain about the lack of sufficient recreation time and feared retaliation.  To avoid this expected retaliation, Uzzle's motion demands a court-ordered transfer away from WRSP — first, to KMCC, and then to BKCC, a facility that he believes would be appropriate for his needs.

A party seeking interlocutory injunctive relief must state facts clearly showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Each of these four factors must be satisfied.  *Id.* [*]

In February 2024, Uzzle notified the court that he had been transferred to KMCC.  Since he is no longer subject to potential retaliatory actions from the defendants and circumstances of which he complained while at WRSP, I will deny his motion as moot.  *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive . . . relief with respect to his incarceration there.").

---

[*] Uzzle requests a temporary restraining order and a preliminary injunction. Temporary restraining orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have an opportunity to respond. Fed. R. Civ. P. 65(b).  Such an order would only last until such time as a hearing on a preliminary injunction could be arranged.  As it is clear from the outset that Uzzle is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.

I will also deny Uzzle's motion asking for a transfer to a specific prison facility, BKCC, as without merit. Inmates have no constitutional right to be housed in any particular prison or jail within the state where they are convicted. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (finding no liberty interest in avoiding interstate prison transfer). Moreover, Uzzle has not stated facts showing that he is in imminent danger of suffering irreparable harm if he remains confined at KMCC. Therefore, he has not satisfied the legal standard under *Winter* as required for the extraordinary form of relief he seeks.

For the stated reasons, it is **ORDERED** that the motion seeking interlocutory injunctive relief, ECF No. 4, is DENIED.

ENTER: May 3, 2024

/s/ JAMES P. JONES
Senior United States District Judge